## THE DUCKWORTH COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41830.   Promulgated October 7, 1931.

*E. B. Quiggle, Esq.*, for the petitioner.
*Otis J. Tall, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The respondent determined a deficiency of $6,837.29 in petitioner's income tax for the fiscal year ended June 30, 1925. This resulted from the reduction of petitioner's statutory net loss for the prior year. This, in turn, resulted from respondent's determination as to two items. Both items were assailed in the petition, but the attack on the first item was abandoned at the hearing and in respect of this issue the respondent's determination is sustained.

The respondent by amended answer affirmatively corrects an error in his computation, the facts of which are admitted by petitioner with whatever adjustments may follow the present decision on the issue in controversy.

The petitioner claims a credit under section 238, Revenue Act of 1926 [1] (which by section 286 is made applicable to the fiscal year 1925) for foreign taxes. The facts are embodied in a written stipulation which is as follows:

---

[1] SEC. 238. (a) In the case of a domestic corporation the tax imposed by this title shall be credited with the amount of any income, war-profits, and excess-profits taxes paid or accrued during the same taxable year to any foreign country, or to any possession of the United States: *Provided,* That the amount of such credit shall in no case exceed the same proportion of the tax (computed on the basis of the taxpayer's net income without the deduction of any income, war-profits, or excess-profits taxes imposed by any foreign country or possession of the United States), against which such credit is taken, which the taxpayer's net income (computed without the deduction of any such income, war-profits, or excess-profits tax) from sources without the United States bear to its entire net income (computed without such deduction) for the same taxable year. * * *

\*          \*          \*          \*          \*          \*          \*          \*

[See also Reg. 69, art. 611, and arts. 381 to 387.]

(1) The Duckworth Company, the petitioner in this proceeding, was incorporated under the laws of New Jersey in May, 1901.

Muir, Duckworth & Company (hereinafter referred to as the partnership) is and was during the times herein mentioned, a partnership existing under the laws of Great Britain with its principal office in Liverpool, England. During said years Walter B. Duckworth of Liverpool had the controlling interest in the partnership and directed its affairs, and was also the principal stockholder, president and directing head of the petitioner.

(2) During the times mentioned the greater part of the capital and surplus of the petitioner was held by the Liverpool office of the partnership and used in its operations. It was the practice of the partnership to allow to the petitioner interest on the outstanding balances of the petitioner held by the partnership at the close of each fiscal year. For the year ending June 30, 1925, the partnership allowed to the petitioner on the outstanding balance, interest amounting to 5,719 pounds, 12 shillings and three pence in British currency.

(3) In view of the close relations between the partnership and the petitioner, the British Government charged the partnership with British income tax on the income of the petitioner, as well as the income of the partnership. For the year ending June 30, 1925, the British Government assessed against the partnership British income taxes in the amount of 1,251 pounds, 3 shillings and three pence with respect to said interest of 5,719 pounds, 12 shillings and three pence which had been allowed for that year to the petitioner by the partnership as aforesaid and said amount of tax was paid by the partnership to the British Commissioner of Inland Revenue. A certificate of L. H. Henderson, H. M. Inspector of Taxes, Liverpool, England, showing said payment, which certificate was previously filed by petitioner with the respondent, is attached hereto and marked Exhibit A.

> "I certify that the firm of Messrs. Muir, Duckworth & Co., carrying on business as Cotton Merchants at 20 Chapel Street, in the City of Liverpool, England, has been assessed to British Income Tax in respect of interest allowed to the Duckworth Company of Saxannah (a Company registered on the 16th May, 1901, in the City of New Jersey in the United States of America) for the year ending 30th June, 1925, amounting to £5719.12.3 and that the sum of £1251.3.3 the relative tax thereon has been paid by Messrs. Muir, Duckworth & Company to the British Commissioners of Inland Revenue."

(4) Thereafter the partnership charged to the petitioner as a liability of the petitioner on the accounts of the partnership the said amount of 1,251 pounds, three shillings and three pence which had been paid as British income tax as aforesaid.

(5) It is agreed for the purposes of this proceeding that the net income of the petitioner from interest credited to petitioner by the Liverpool partnership for the fiscal year ended June 30, 1925 (computed without the deduction of income, war profits and excess profits taxes) was $27,797.32.

(6) During the times herein mentioned, the petitioner kept its books of account and made its income tax returns on the accrual basis.

(7) The net income of the petitioner for the fiscal year ending June 30, 1925, of $53,625.81 as shown by the deficiency letter, includes an item of $24,569.71 representing interest allowed to the petitioner for that year by the partnership in the amount expressed in British currency, of 5,719 pounds, twelve shillings and three pence. It is agreed that the rate of exchange on June 30, 1925, was $4.86 per pound sterling. The said amount of 5,719

pounds, 12 shillings and three pence when converted into United States currency at said rate of exchange is equivalent to $27,797.32, or an increase in the said net income of $3,227.61.

If the petitioner is entitled to credit for British income tax, such credit is limited to the ratio of $27,797.32 to $56,853.42.

The petitioner contends that, under the circumstances, it may be treated as having paid or accrued British income tax in the amount charged against it by the partnership. We are of opinion that it has not paid or accrued such tax, as required by the statute, and that it may not be given the credit as if it had. The British law is not in evidence, and we are in no position to say how the British tax on the partnership was calculated, or by virtue of what law or administrative system it would involve a tax upon this petitioner's income. Of course, we must believe that the British Government acted lawfully and correctly when it " charged the partnership " with the tax and that the partnership correctly paid the tax, including the " relative tax " in respect of the interest allowed to petitioner. The tax therefore was imposed by the foreign country upon the partnership and the partnership paid it, and we can not break it down to ascertain what relative proportion of it was ascribable to the interest account with petitioner by some method of calculation known to the British system or perhaps used only by one inspector.

As to this petitioner, there was a running commercial account with the partnership. In this, the partnership charged petitioner with a liability for part of the amount which it had paid as British income tax. Whether such amount is a deduction on other grounds we need not consider, for it is not before us. But it is clear that as to this petitioner it is not a foreign tax and can not be credited.

The Board has considered this question in *Elgin National Watch Co.*, 17 B. T. A. 339, 362, in which it sustained the disallowance of a similarly claimed credit for foreign taxes paid by another. The Board has also frequently held that the deduction allowed for domestic taxes is only available to those upon whom such taxes are directly imposed and by whom they are *qua* taxes paid or accrued. *Caroline T. Kissel*, 15 B. T. A. 1270, 1274; *Samuel Riker, Jr.*, 15 B. T. A. 1160, 1166; *William D. Hutchins*, 14 B. T. A. 421, 425; *George M. Cohan*, 11 B. T. A. 743, 761; *A. Eisenberg*, 11 B. T. A. 574, 575; *Elmira Arms Co.*, 7 B. T. A. 703, 706; *R. C. Musser*, 3 B. T. A. 498.

It is nowhere suggested that the partnership was a withholding agent or that any part of the tax imposed upon the partnership was a separate tax collectible at the source by or from the partnership. At most, counsel for petitioner says that " this situation is analogous to that of a withholding agent." But the stipulation indicates that the partnership paid a single lump-sum tax due from it and not a separate tax, as might be supposed of a withholding agent as under the system in this country.

Lastly it can not be said, absent from the evidence of any British law, that petitioner was in any respect liable for British tax, or, in particular, liable for an income tax upon the interest account stipulated.

The respondent's determination correctly disallowed the credit claimed, and the deficiency should be recomputed in accordance with the stipulated adjustment.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

VAN FOSSAN dissents.